## Neff, to use of Mishkin, v. Republic Casualty Company.

*Auto collision insurance—Judgment against insured for accident—Payment of by note—Liability for insurance.*

A motor-car owner carrying liability insurance in a policy which requires that to recover he must have first paid "in money" a judgment secured against him for damage to another motor-car cannot recover on the policy where he has paid such judgment by giving a note and not cash.

Herbo-Phosa Co. *v.* Philadelphia Casualty Co., 84 Atl. Repr. 1093, distinguished.

Motion to strike off judgment of non-suit. C. P. Lancaster Co., Dec. T., 1924, No. 27.

*Oliver S. Schaeffer* and *Charles W. Eaby,* for plaintiff.

*K. L. Shirk* and *John A. Coyle,* for defendant.

HASSLER, J., Jan. 16, 1926.—We are asked to strike off the non-suit in this case. The facts proven by the plaintiff at the trial are as follows: C. R. Neff held a policy in the defendant company to indemnify him against loss by reason of any injury or damage caused to others by a White motor-truck owned by him. This White motor-truck collided with an automobile belonging to Hyman Mishkin, who obtained a judgment against Neff for $345 for the damage to his automobile. Neff gave a promissory note to Mishkin on Nov. 11, 1924, for the amount of said judgment and costs, which note has not been paid. On the same day Neff assigned to Ida Mishkin, of the City of Lancaster, "my chose in action or right to sue the Republic Casualty Company, having its principal office in Pittsburgh, Pennsylvania, by virtue of a policy which I hold in said Company, indemnifying me against loss by reason of liability or judgment recovered against me after trial in a suit, and particularly on account of the judgment recovered against me by Hyman Mishkin in the Court of Common Pleas of Lancaster County, Pa., to September Term, 1923, No. 49, for Three Hundred Dollars ($300.00), together with costs of suit, hereby giving the said transferee full right, authority and power to demand or bring suit by virtue of said policy and this assignment." Ida Mishkin is the mother of Hyman Mishkin. The consideration mentioned in the assignment is $1.

Condition K of the policy is as follows: "No action shall be brought against the Company under or by reason of this Policy unless it shall be brought by the Assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within ninety days from the date of such judgment, to wit, for a loss that the Assured has actually sustained by

the Assured's *payment in money*—(*a*) of a final judgment rendered after a trial in a suit against the Assured; (*b*) of the expenses (excluding any payment in settlement of a suit or judgment) incurred by the Assured in the defence of a suit against the Assured."

We entered a non-suit at the trial for the reason that no liability of the company was shown because Condition K had not been complied with, in that the judgment of Hyman Mishkin against the assured, C. R. Neff, had not been *paid by him in money*, the payment of it by note not being a compliance with that condition, as it provides that no liability of the company to the assured arises until the judgment is paid in money. If it could have been paid by note, then the addition of the words *in money* would have no meaning. Something more than a payment of the judgment by note, or in any way other than by money, is necessary, as it is specifically provided that it must be paid in money. This is the contract between the parties, and both the insurer and the insured are bound by it.

It is well settled that where the payment of a certain amount is to be made, according to the terms of an agreement, such payment can be made by a negotiable promissory note if the parties intend that such note shall extinguish the original indebtedness. The defendant cites numerous cases to this effect. But where, as here, the condition precedent to the plaintiff's right to sue is that the judgment shall actually be paid *in money*, such condition can only be complied with by the payment of money and not by giving a note, and this must be done before the assured has a right of action on the policy.

The case of Herbo-Phosa Co. *v.* Philadelphia Casualty Co., 84 Atl. Repr. [R. I.] 1093, relied upon by the plaintiff, seems to be at variance with this position, but an examination of it shows that it is not. In that case the plaintiff company held a policy to indemnify it against loss by injury to its employees. The policy required that the loss must be *paid in money*. John E. Whipple, an employee of the plaintiff company, was injured and obtained a judgment against it. It gave a note to the Westminster Bank for the sum of $2564.24, for which it received a cashier's check that was endorsed to the attorney for the plaintiff in the judgment. He used the check to purchase a certificate of deposit, and afterwards used that certificate of deposit as collateral for the note given by the plaintiff company to the Westminster Bank. The Supreme Court of Rhode Island held that that was a sufficient payment in money. It differs from this case, because in it the amount was actually paid to the plaintiff in the judgment against the assured by a cashier's check, which to all intents and purposes was money. The court distinguished it from the case of Stenbohm *v.* Brown-Corliss Engine Co., 119 N. W. Repr. 308, where the assured was a bankrupt and gave a valueless note in payment of the judgment obtained against it, which according to the policy was to be paid in money before the insured could maintain an action, and it was held that giving the note was not a payment in money and that the plaintiff could not sue on the policy.

In the present case the plaintiff was a bankrupt. He gave a note which was a valueless piece of paper in payment of the judgment. He, therefore, did not comply with the condition of the policy by actually paying the judgment obtained against him by Harry Mishkin in money. This was a condition precedent to his right of action against the defendant company. As he has not complied with that condition, he had no right of action against it and could not assign any such right to Ida Mishkin. We are of the opinion that the non-suit was properly entered and discharge the rule to show cause why it should not be stricken off.          From George Ross Eshleman. Lancaster, Pa.